IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA

v.  Case No. 1:16CR18
(JUDGE KEELEY)

MICHAEL LOUGH

### DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY/MEMORANDUM OF LAW IN SUPPORT OF WITHDRAWAL

Comes now the defendant, Michael Lough, by and through his counsel, Thomas G. and Zachary S. Dyer, and hereby respectfully moves this Honorable Court to allow the defendant to withdraw his plea of guilty pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure.

In support of the foregoing motion, counsel would represent the following to the Court:

(a) On March 23, 2016 the defendant appeared with the undersigned counsel before United States Magistrate Judge Michael J. Aloi and entered a plea of guilty to Count I of an information charging him with violations of Title 18 U.S.C. 2252A(a)(5)(B). Magistrate Aloi then placed the defendant on bond pursuant to an order setting conditions of release.

(b) By order entered April 7, 2016, this Court adopted the report and recommendation of Magistrate Judge Aloi and thereupon accepted the defendant's guilty plea and adjudged him

guilty of the crime charge in Count I of the information. Acceptance of the parties' plea agreement was deferred.

(c) On or about April 25, 2016 the undersigned counsel learned of a decision filed on April 20, 2016 from a district court in the District of Massachusetts, *U.S. v. Levin*, No. 15-10271-WGY (1st Cir. Apr. 20, 2016), involving factual underpinnings identical to those in this defendant's case and where the court granted a defense motion to suppress the government's evidence after finding that the warrant giving rise to the government's seizure of such evidence was issued without jurisdiction and thus was void *ab initio*. (Copy of Memorandum and Order attached hereto as defendant's Exhibit A).

(d) All of the evidence against the defendant in this case was seized in precisely the same manner that evidence which was seized in the *Levin* case. In fact, both cases involved exactly the same initial (Network Investigative Technique, "NIT") warrant issued on February 20, 2015 by the Honorable Theresa Carroll Buchanan, Magistrate Judge for the Eastern District of Virginia. (Copy of warrant attached hereto as defendant's Exhibit B).

(e) This defendant finds and believes that the rationale of the Court in *Levin* in explaining its suppression of the government's evidence to be not only a compelling and accurate analysis of the academic issues presented by defendant Levin's motion to suppress, but this defendant also contends that the application of such rationale to the identical factual circumstances in this case may likewise lead to the suppression of the government's evidence here as well. Thus, for reasons of fundamental fairness, among others, this defendant seeks

permission to withdraw his recently made/accepted plea of guilty in order to allow him the opportunity to file with this Court a motion to suppress such as that made in the *Levin* case.

## MEMORANDUM OF LAW

Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on a moving defendant to show a "fair and just reason" why withdrawal of a guilty plea should be allowed.

In *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), the Court noted six factors to be considered by the Court when determining whether or not to allow a defendant to withdraw his guilty plea: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

The defendant's guilty plea was not fully knowing because he was not aware of some of the legal events, analysis, and judicial opinions relating to the NIT warrant issued in the Eastern District of Virginia. Indeed, neither the defendant nor his counsel were aware of legal developments at the time of the defendant's plea because the new information on this subject was not readily discoverable despite due diligence. This case deals with a novel and cutting edge area of criminal law.

The defendant now believes, based upon an opinion from the First Circuit and a recent Report and Recommendation out of the Tenth Circuit (attached as defendant's Exhibit C), that if

permitted to withdraw his guilty plea, he would then have a very real chance at suppressing all of the evidence obtained against him in this case.  If all the evidence were suppressed, he could not then be found guilty.

There has not been any meaningful delay between the entry of the defendant's guilty plea and this motion to withdraw said plea.  Counsel just recently became aware of the decision out of the First Circuit and the Report and Recommendation out of the Tenth Circuit despite exercising due diligence in his investigation of possible defenses for this defendant.  In fact, once counsel became aware of new possible legal defenses in this novel and emerging area of criminal law, he began research into the matter and filed this motion shortly thereafter.

The defendant had the assistance of competent counsel at the time of his guilty plea.  Counsel knew of no defenses to the charge at the time of the guilty plea.  Again, this is a new area of criminal law that is being litigated at this very moment throughout the entire country.

If the Court allows the defendant to withdraw his plea of guilty it will not prejudice government.  If this motion is granted, the defendant will immediately file with this Court his own motion to suppress the evidence in this matter.  The government will have been in no manner prejudiced in its ability to respond to said motion.  Nothing in this matter is time sensitive and there are no witnesses that will become unavailable if the defendant's guilty plea is withdrawn.

Allowing the defendant to withdraw his plea of guilty will not inconvenience the Court nor waste judicial resources.  If the withdrawal is granted, the defendant will file his motion to suppress and his speedy trial rights will be tolled.

After review of the six-factor test in the case sub judice, the defendant believes that to allow him to withdraw his plea of guilty would be fair, just, and appropriate.

        Respectfully submitted
        Defendant
        By counsel

        /s/ Thomas G. Dyer_____
        Thomas G. Dyer, WVSB# 4579
        Zachary S. Dyer, WVSB# 11960
        Dyer Law
        349 Washington Avenue
        Clarksburg, WV 26302
        dyerlawof@aol.com

## CERTIFICATE OF SERVICE

I, Thomas G. Dyer, counsel for the defendant, hereby certify that on May 4, 2016, I electronically filed the foregoing *Defendant's Motion to Withdraw Plea of Guilty/Memorandum of Law in Support of Withdrawal*, with the Clerk of the Court using the CM/ECF system.

_____/s/ Thomas G. Dyer_____
Thomas G. Dyer, WVSB# 4579
Dyer Law
349 Washington Avenue
Clarksburg, WV 26302
dyerlawof@aol.com