IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

            Plaintiff,

v.                          //    CRIMINAL ACTION NO. 1:16CR18
                                       (Judge Keeley)

MICHAEL P. LOUGH,

            Defendant.


MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

Pending before the Court is the "Motion to Withdraw Guilty Plea" filed by the defendant, Michael P. Lough ("Lough") (dkt. no. 17). For the reasons that follow, the Court **GRANTS** the motion and **VACATES** Lough's guilty plea.

I. BACKGROUND

The Federal Bureau of Investigation ("FBI") became aware that a website operating on the "dark web" under the moniker "Playpen" was trafficking in child pornography. Playpen operated on the TOR network,[1] which enables online users to access websites, including Playpen and other child pornography sites, anonymously and beyond traditional law enforcement detection techniques by hiding their IP addresses and identities.

_____

[1]"TOR" is an acronym for "the onion router." The TOR network provides online anonymity to users by "bouncing their communications around a distributed network of relay computers run by volunteers all around the world, thereby masking the user's actual IP address which could otherwise be used to identify a user." Dkt. No. 19-1 at 11-12.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

On February 20, 2015, the FBI seized the computer server that hosted the Playpen website from a web-hosting facility in Renoir, North Carolina. Dkt. No. 19 at 2. The FBI removed the server to a facility in the Eastern District of Virginia, at which point it obtained a search warrant authorizing the use of a network investigation technique ("NIT warrant") from United States Magistrate Judge Theresa C. Buchanan of the Eastern District of Virginia. Dkt. No. 19-1. Rather than simply disabling the server, the FBI continued to administer it for twelve days in an effort to obtain information about individuals seeking and disseminating child pornography. Whenever a user logged into the Playpen website with their username and password, the NIT program initiated software that triggered the user's computer to reveal its IP address and other identifying information.

Utilizing the NIT, the FBI determined that a user living in Fairmont, West Virginia, with the user name "2tots," had logged into the Playpen website and accessed child pornography. Dkt. No. 19 at 2. Records established that the user had been logged on for approximately seventeen hours between November 23, 2014 and March 1, 2015. Id. An administrative subpoena served on Frontier Communications Corporation established that the IP address for "2tots" belonged to Lough's account, which was registered to an

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

address later determined to belong to him. <u>Id.</u> Based on this
information, Special Agent Ryan ("SA Ryan") sought a search warrant
for Lough's home (the "Residential warrant"), which United States
Magistrate Judge James E. Seibert issued on July 14, 2015. SA Ryan
and other agents then raided Lough's home, where they seized
multiple pieces of evidence suspected of containing child
pornography. <u>Id.</u> at 3.

The government filed a one-count Information against Lough on
March 15, 2016, and he appeared before United States Magistrate
Judge Michael J. Aloi on March 23, 2016 for an initial appearance,
arraignment, and plea hearing. At the hearing, Lough was placed
under oath and waived his right of indictment. <u>Id.</u> Pursuant to Fed.
R. Crim. P. 11(3), the government called SA Ryan, who presented the
following factual basis for Lough's guilty plea:

- Mr. Lough, who was present during the execution of
  the Residential Warrant, admitted to SA Ryan that
  he possessed and viewed child pornography.

- Various electronics, including a cell phone,
  multiple SD cards, a desk top computer and two
  laptop computers were seized from the residence.

- A forensic examination determined that Mr. Lough
  was in possession of 267 photographs and one video
  of child pornography on the cell phone, desktop
  computer and one of the laptops.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

- The images found in Mr. Lough's possession include, inter alia, depictions of prepubescent minors and depictions of violence.[2]

- Additional photographs containing child erotica, age difficult and possible child pornography were also contained on the cell phone, desktop computer and one of the laptops.

Dkt. No. 19 at 3.

During Lough's colloquy with the magistrate judge, he confirmed that SA Ryan's statements were substantially accurate and that his plea was knowing and voluntary. When asked by Magistrate Judge Aloi to describe in his own words what "makes you guilty of possession of child pornography," Lough allocuted that he had become addicted to viewing such images. Id. On March 23, 2016, Magistrate Judge Aloi entered a Report and Recommendation (dkt. no. 12), recommending that the Court accept Lough's guilty plea, which it did on April 8, 2016 (dkt. no. 16).

Prior to sentencing, however, Lough filed the instant motion to withdraw his guilty plea on May 4, 2016 (dkt. no. 17). In his motion, Lough contends that a recent decision from the United States District Court for the District of Massachusetts, United States v. Levin, held that a NIT warrant identical to the one in

---

[2]Lough disputes the government's assertion that there were depictions of violence. Pursuant to the plea agreement, the parties agreed to argue this issue at sentencing to determine whether the relevant sentencing enhancement would apply.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

___

this case had been issued without jurisdiction and thus was void <u>ab</u> <u>initio</u>. 2016 WL 1589824 (D. Mass. Apr. 20, 2016), <u>opinion amended</u> <u>and superseded by</u> 2016 WL 2596010 (D. Mass. May 5, 2016 (Young, J.)). As a consequence, the court suppressed all the evidence gathered under the warrant. <u>Id.</u> at 15.

Based on the holding of <u>Levin</u>, Lough argues that the "identical factual circumstances in this case may likewise lead to the suppression of the government's evidence here as well."[3] Dkt. No. 17 at 2. Therefore, "for reasons of fundamental fairness, among others," the Court should allow him to withdraw his guilty plea and move to suppress the evidence against him obtained under both the NIT and Residential warrants. On July 1, 2016, the Court heard oral argument on Lough's motion to withdraw (dkt. no. 30). Importantly, during the argument the parties confirmed that, although multiple courts had addressed motions to suppress evidence seized pursuant to the NIT warrant,[4] no court had yet addressed a motion to withdraw a related guilty plea.

___

[3]Lough attached to his motion a copy of a Report and Recommendation filed in <u>U.S. v. Arterbury</u>, 4:15-CR-182-JHP, from the Northern District of Oklahoma, which had granted the defendant's motion to suppress evidence gathered under the same NIT warrant at issue here. That R&R was later adopted by the district court and is currently on appeal by the government.

[4]<u>See</u> <u>infra</u> note 6.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

### II. APPLICABLE LAW

Under Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." There is, however, no "'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." U.S. v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003) (citing United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir.2000); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)).

In order to determine whether to allow Lough to withdraw his guilty plea, the Court must review the Rule 11 colloquy at which Lough entered his guilty plea. As the Fourth Circuit stated in Bowman, this is the crux of the question when evaluating a motion to withdraw a guilty plea:

> Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. . . . A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, . . . and constitutes an admission of all material facts alleged in the charge. Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn. As we stated in United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir.1992) (en banc): "If an appropriately conducted Rule 11 proceeding is to serve

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

a meaningful function, on which the criminal justice
system can rely, it must be recognized to raise a strong
presumption that the plea is final and binding."

<u>Bowman</u>, 348 F.3d at 414 (internal quotations and citations
omitted).

Although the Rule 11 colloquy is the focus of the Court's
inquiry, <u>Bowman</u> referenced a non-exhaustive set of "circumstantial
factors" drawn from <u>United States v. Moore</u> that a court should
weigh when balancing whether a defendant has presented a fair and
just reason for withdrawal of a guilty plea. These include:

(1)   Whether the defendant has offered credible evidence
      that his plea was not knowing or not voluntary,
(2)   Whether the defendant has credibly asserted his
      legal innocence,
(3)   Whether there has been a delay between the entering
      of the plea and the filing of the motion,
(4)   Whether defendant has had close assistance of
      competent counsel,
(5)   Whether withdrawal will cause prejudice to the
      government, and
(6)   Whether it will inconvenience the court and waste
      judicial resources.

<u>Bowman</u>, 348 F.3d at 414 (quoting <u>Moore</u>, 931 F.2d at 248) ("the
<u>Moore</u> factors).

A defendant's guilty plea cannot be knowing and voluntary if
he was denied effective assistance of competent counsel in accord
with the standards in <u>Strickland v. Washington</u>, 466 U.S. 688
(1984). <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985) (applying
<u>Strickland</u> standard to guilty pleas). To establish ineffective

assistance of counsel, a defendant must establish not only that his counsel's performance was deficient, but also that it is reasonably probable he would not have pleaded guilty but for that deficiency. <u>Strickland</u>, 466 U.S. at 694; <u>U.S. v. Dyess</u>, 730 F.3d 354, 361 (4th Cir. 2013) (quoting <u>United States v. Fugit</u>, 703 F.3d 248, 259 (4th Cir. 2012) (in turn quoting <u>Strickland</u>)). If a defendant is denied reasonably effective assistance of counsel when deciding whether to plead guilty, "the plea does not then represent an informed choice." <u>Scott v. Wainwright</u>, 698 F.2d 427, 429 (11th Cir. 1983) (citing <u>Mason v. Balcom</u>, 531 F.2d 717, 724-25 (5th Cir. 1976)).

Courts must weigh whether counsel was reasonably effective "based on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 428 U.S. 470, 477 (2000) (internal quotation omitted).

> Counsel must be familiar with the facts and the law in order to advise the defendant of the options available. The guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision. Counsel's advice need not be errorless, and need not involve every conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants.

<u>Scott</u>, 698 F.2d at 429 (internal citations omitted).

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

### III. DISCUSSION

The central question presented in this case is whether Lough's guilty plea was "knowing and [] voluntary" where his counsel, Thomas Dyer ("Dyer"), failed to inform him that the evidence against him potentially could be suppressed based on the invalidity of the NIT warrant. Moore, 931 F.2d at 248. The answer to that question necessarily begins with an analysis of another of the Moore factors, that is, whether Lough had "close assistance of competent counsel." Id.

**A.    Whether Lough had Close Assistance of Competent Counsel**

The transcript of the Rule 11 colloquy establishes that Lough had close assistance of counsel up to and during the entry of his plea:

| | |
|---|---|
| Court: | Mr. Lough, do you believe that you have 11 had adequate time to discuss your case fully with Mr. Dyer? |
| Lough: | Yes, sir. |
| Court: | And has Mr. Dyer been able to answer your questions about how best to proceed in this case? |
| Lough: | Yes, sir. |
| Court: | Is there anything, Mr. Lough, that Mr. Dyer has not done which you have asked him to do? |
| Lough: | No, sir. |

| | |
|---|---|
| Court: | And are you completely satisfied with the legal advice that you have received from Mr. Dyer? |
| Lough: | Yes, sir. |
| Court: | Mr. Dyer, during the time that you have represented Mr. Lough has Mr. Lough been cooperative with you? |
| Dyer: | Yes, he has, Your Honor. |

Dkt. No. 24 at 13-14.

Lough's sworn statements at his Rule 11 hearing are presumed to be true and, therefore, the Court concludes that he was satisfied with Dyer's representation. See U.S. v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court . . . carry a strong presumption of verity." (internal quotations omitted)); see also U.S. v. Wintons, 468 Fed. Appx. 231, 233 (4th Cir. 2012 (per curiam) (affirming district court's finding of close assistance of counsel under similar circumstances).

Of course, it is a separate question whether counsel's close assistance was competent and legally adequate. Although counsel's judgment is afforded a strong presumption of reasonableness, see Winston v. Kelly, 592 F.2d 535, 544 (4th Cir. 2010), a review of the plea colloquy in this case establishes that Dyer was not aware of any valid defenses to the charges against Lough:

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

| | |
|---|---|
| Court: | And have you had adequate time to discover the Government's case? |
| Dyer: | Yes, sir. |
| Court: | And, Mr. Dyer, have you had adequate time to consider possible defenses? |
| Dyer: | Yes, sir. |
| Court: | Mr. Dyer, do you know of any viable defense to the charge in Count One of the Information? |
| Dyer: | No, do not. |

Based on his understanding at that time, Dyer made the tactical decision to advise his client to plead guilty.

According to Lough's motion, as well as counsel's statements during oral argument on the motion, Dyer became aware of the ruling in Levin on April 25, 2016. Dkt. No. 17 at 2. It was only at that point that he recognized there existed a potentially valid basis to seek suppression of all of the evidence seized pursuant to the NIT warrant, and, by extension, the Residential warrant. Dkt. No. 17 at 2. Indeed, Dyer acknowledged that, although several cases involving this identical NIT warrant had previously addressed motions to suppress the evidence, he was unaware of their existence until after reading Levin. Had he known of those cases prior to Lough's guilty plea, Dyer stated he would have advised Lough to file a motion to suppress, rather than to plead guilty.

11

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

In <u>United States v. Wheeler</u>, the United States District Court for the Northern District of Georgia recently addressed a virtually identical motion to withdraw a guilty plea, and held that counsel's failure to file a motion to suppress was not based on trial strategy but rather was a consequence of "failing to properly research and investigate the potential challenge to the warrant's validity." Case No. 1:15-CR-390-MHC-JFK, Dkt. No. 43 at 12 (N.D.Ga. June 23, 2016). According to the district court, this failure "was not the exercise of reasonable professional judgment, as is evident by the number of recent challenges filed throughout the country."[5] <u>Id.</u> As a result, the court concluded that Wheeler had not had close assistance of competent counsel on the potentially dispositive issue of whether the NIT warrant could be legally challenged.

The reasoning in <u>Wheeler</u> is compelling. In the instant case, Dyer did not make a strategic decision to forego a motion to suppress in order to curry a more favorable sentence or some other advantage; rather, he failed to reasonably investigate potential challenges to the NIT warrant. Indeed, prior to the entry of

---

[5]The court went on to distinguish this deficiency from a ineffective representation, noting that the "fact that he brought this matter to the Court's attention shortly after learning of his failure to advise his client appropriately belies any current or future claim of ineffective assistance of counsel." <u>Wheeler</u>, Case No. 1:15-CR-390-MHC-JFK, Dkt. No. 43 at 12.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

Lough's guilty plea, no less than five courts had ruled on motions to suppress evidence under this particular NIT warrant, the first as early as January 28, 2016.[6] Accordingly, the Court concludes that Lough did not have close assistance of competent counsel on the issue of whether to move to suppress evidence seized under the NIT warrant.

### B.    Whether Lough's Plea Was Knowing and Voluntary

Lough does not dispute that he entered his plea voluntarily, nor does the transcript of the plea colloquy support a claim otherwise. The gravamen of Lough's argument is that he could not have entered a knowing guilty plea because he "was not aware of some of the legal events, analysis, and judicial opinions relating to the NIT warrant." Dkt. No. 17 at 3.

A valid guilty plea requires that a defendant be sufficiently aware of the consequences of such a plea. See U.S. v. Smith, 640

---

[6]See, e.g., United States v. Michaud, 2016 WL 337263 (W.D. Wash. Jan. 28,2016); United States v. Stamper, 2016 WL 695660 (S.D. Ohio Feb. 19, 2016); United States v. Farrell, 2016 WL 705197 (W.D. Wash. Feb. 23, 2016); United States v. Frater, 2016 WL 795839 (D. Ariz. Mar. 1,2016); United States v. Epich, 2016 WL 953269 (E.D. Wis. Mar 14, 2016). In addition, even earlier cases had involved suppression of evidence seized pursuant to unrelated NIT warrants. See, e.g., United States v. Cottom, 2015 WL 9308226 (D. Neb. Dec. 22, 2015) (discussing NIT warrant issued in late 2012); U.S. v. Reibert, 2015 WL 366716, at *1 (D. Neb. Jan. 27, 2015) (discussing motion to suppress evidence from NIT warrant executed on April 8, 2013).

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

F.3d 580, 592 (4th Cir. 2011) (citing <u>Brady v. U.S.</u>, 397 U.S. 742, 748 (1970)). Moreover, a guilty plea "'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" <u>Id.</u> (quoting <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969)).

Here, Magistrate Judge Aloi detailed at great length for Lough the potential sentences he faced by choosing to plead guilty. Dkt. No. 24 at 41-44. Further, he thoroughly explained what rights Lough was giving up by foregoing a trial and pleading guilty, including putting the government to its burden of proving his guilt beyond a reasonable doubt, and his right to call witnesses, to testify on his own behalf, or to remain silent with the presumption of innocence. <u>See</u> Dkt. No. 24 at 48-51. Lough confirmed multiple times that he understood the consequences of his guilty plea and still wanted to proceed. <u>Id.</u> at 41-51.

Lough does not contend that he failed to understand the consequences of his guilty plea, or the rights he was giving up by entering such a plea. Rather, he asserts he did not knowingly enter his plea because he did not posses an adequate understanding of the law in relation to the facts of his case. <u>See</u> <u>Smith</u>, 640 F.3d at 592. Lough argues that he would not have pleaded guilty had he been

14

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

made aware of a potential argument for suppressing the evidence obtained under the NIT warrant.

The court in <u>Wheeler</u> addressed this very issue, reasoning that a determination of whether a defendant knowingly entered a guilty plea necessarily depends on whether he had close assistance of competent counsel. <u>See</u> <u>Wheeler</u>, Case No. 1:15-CR-390-MHC-JFK, Dkt. No. 43 at 13-14. Here, the two <u>Moore</u> factors, whether Lough had close assistance of competent counsel, and whether he knowingly entered his guilty plea, are inextricably linked. As the court in <u>McCarthy</u> opined, a defendant cannot knowingly enter a guilty plea premised on a lack of understanding as to how the law applies to the facts of his case. 394 U.S. at 466.

Therefore, because Lough lacked close assistance of competent counsel on the potentially dispositive issue of the invalidity of the NIT warrant, the Court cannot say he entered his plea knowingly. Had he been properly advised, Lough would have pursued a motion to suppress the evidence seized pursuant to the NIT warrant, rather than enter a guilty plea.

**C.    Whether the Remaining <u>Moore</u> Factors Prevent Withdrawal**

The remaining <u>Moore</u> factors do not weigh heavily enough against Lough to deny his motion to withdraw his guilty plea. While at no point, either during or after his plea, has Lough

15

credibly asserted his legal innocence, a factor weighing against withdrawal of his plea, this must be considered in concert with all of the other <u>Moore</u> factors. Lough entered his guilty plea on March 23, 2016, and moved to withdraw it on May 4, 2016, a period of forty-two (42) days. The Fourth Circuit has found a delay of that length to be significant. <u>See</u> <u>Moore</u>, 931 F.2d at 248 ("Moore long delayed between the time of the pleas and the time of entering the motion to withdraw guilty pleas. He waited six weeks before giving notice of his intent to move to withdraw his pleas."). Despite the fact that, like Moore, Lough waited six weeks before moving to withdraw his plea, he filed his motion only nine days after learning of the ruling in <u>Levin</u>. In contrast, Moore had been aware of the reasons for his motion to withdraw for the entire six week period. This factor therefore does not weigh heavily against Lough.

Further, it is unlikely that a forty-two (42) day delay between the entry of Lough's plea and the filing of his motion to withdraw will significantly prejudice the government. However, a finding that a delay is not prejudicial is insufficient, standing alone, to justify withdrawal; it must be weighed together with other factors, including inconvenience to the Court. <u>Bowman</u>, 348 F.3d at 415-16.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]

Allowing Lough to withdraw his guilty plea arguably could inconvenience the Court, which will need to rule on the motion to suppress and, if denied, proceed to trial. This must be weighed against the other possible outcomes, however, including a subsequent guilty plea should the motion to suppress be denied. Furthermore, denying Lough's motion to withdraw will almost certainly spawn a collateral attack at a later date, which would result in the expenditure of additional judicial resources. As a consequence, the factors of delay and inconvenience to the Court do not weigh against Lough.

### IV. CONCLUSION

In summary, Lough did not have close assistance of competent counsel on the issue of suppression of evidence obtained through the NIT and Residential warrants. Consequently, because he entered his plea without being informed of the state of the law relevant to a potentially dispositive issue in his case, his guilty plea was not made knowingly. Moreover, the remaining factors from United States v. Moore do not outweigh his lack of competent assistance and unknowing plea. Accordingly, for the reasons discussed, the Court **GRANTS** Lough's motion and **VACATES** his guilty plea.

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO WITHDRAW GUILTY PLEA [DKT. NO. 17]**

The Court directs the Clerk to transmit copies of this order to counsel of record and all appropriate agencies.

DATED: August 25, 2016

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE